**BUTCHER et, Plaintiffs-Appellees, v. CHURCHILL, Defendant-Appellant.**

Ohio Appeals, Seventh District, Portage County.

No. 230.   Decided March 10, 1958.

Loomis & Jones, Ravenna, for plaintiffs-appellees.
Ralph B. Maher, Akron, for defendant-appellant.

## OPINION

By GRIFFITH, J.

Joseph Leo Butcher brought this suit against Royal S. Churchill for property damages to the plaintiff's automobile by reason of a collision with plaintiff's car at the intersection of Highland Avenue and North Chestnut Street in the City of Ravenna. The collision occurred in mid-afternoon of October 25, 1956.

The plaintiff's car was being operated in a northerly direction on North Chestnut Street by plaintiff's wife, and the defendant's car was being operated by the defendant himself in an easterly direction on Highland Avenue. At this intersection, there is a traffic light displaying red, yellow and green signals duly installed by the city.

The undisputed testimony shows that the defendant, Churchill, was operating his car in a procession of from eight to twelve cars, his being the third from the last in the procession. The vehicles were accompanying a body of a deceased person being transported from Kent to Gustavus, Ohio.

Each vehicle had its headlights lighted, and each car had a purple and white marker attached to the middle of the windshield, said marker being approximately 12 inches by 5½ inches with the word, "Funeral," printed thereon.

There is evidence in the record that while the funeral cars were passing through the intersection, the light changed from green to red, and that the plaintiff's car, approaching from the south, had the green light at the time it entered the intersection. The plaintiff's car was struck on the left by defendant's car doing substantial damage to the plaintiff's automobile.

Since this is a case of a bailee operating the car, the operator's negligence is not imputed to the owner, the plaintiff in this case. During its deliberation, the jury presented the following question to the Court: "By law, do funeral processions have any right of way?" The Court answered that question as follows:—

"The court instructs you as a matter of law that such right of way as a funeral procession, properly identified as such, may ordinarily have —is not an issue in this case."

The trial judge took the position that Churchill, the defendant, was not in a "funeral procession," within the provisions of §4511.45.1 R. .C., which section reads as follows:—

"As used in this section 'funeral procession' means two or more vehicles accompanying a body of a deceased person in the daytime when each of such vehicles has its headlights lighted and is displaying a purple and white pennant attached to each vehicle in such a manner as to be clearly visible to traffic approaching from any direction.

"Excepting emergency vehicles proceeding in accordance with §4511.45 R. C., or when directed otherwise by a police officer, pedestrians and the operators of all vehicles, street cars, and trackless trolleys shall yield the right of way to each vehicle which is a part of a funeral procession. Whenever the lead vehicle in a funeral procession lawfully enters an intersection the remainder of the vehicles in such procession

may continue to follow such lead vehicle through the intersection notwithstanding any traffic control devices or right of way provisions of the Revised Code, provided the operator of each vehicle exercises due care to avoid colliding with any other vehicle or pedestrian upon the roadway."

In other words, it appears from the record, that the court determined as a matter of law that the defendant was not entitled to the benefits of this section for the reason that he did not qualify himself as the statute requires. Two questions arise.

1. Did the sticker constitute a pennant as a matter of law?

2. Should this question have been submitted to the jury for its determination rather than for the Court to pass upon it as it did?

The defendant assumed that he was entitled to the benefit of this statute as he entered that intersection even though he entered it on the red because of the provisions of the statute, which became effective on January 1, 1956. So the case simmers itself down to the question of whether or not the defendant, Churchill, met the requirements of the statute to entitle him to the right of way.

The statute provides that the defendant shall have the headlights lighted and shall display a purple and white pennant attached to each vehicle in such a manner as to be clearly visible to traffic approaching from any direction.

A pennant is a flag, and Webster states that the fly usually is much longer than the hoist. The hoist means the height of the flag as opposed to the horizontal length of it. Another definition we find is as follows: "Any small flag used for decorating, signaling and so forth."

The sticker, defendant's exhibit 1, is not a pennant for two reasons:

1. It does not meet the definition of a pennant in the ordinary use of the word. It is nothing more than an automobile sticker pasted on the inside of the windshield.

2. It is not attached to the vehicle in such a manner as to be clearly visible to traffic approaching from any direction.

The doctrine of substantial compliance with the statute as advanced by defendant is hardly applicable to the facts in this case for the reason that the essential requirement of the section of the Code that the pennant shall be attached to the vehicle "in such a manner as to be clearly visible to traffic approaching from any direction" has not been met by the sticker. This sticker is not a technical deficiency but an out and out omission of an essential requirement.

We do not think this sticker complies with the requirements of the statute and, so finding, the defendant is not entitled to the protective provisions of §4511.45.1 R. C. The other errors assigned refer to requested charges, and we find no error in the court's refusal to give them as requested.

Finding no error prejudicial to the rights of the defendant-appellant in this case, the judgment of the Municipal Court of Ravenna is affirmed.

NICHOLS, PJ, PHILLIPS, J, concur.